UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 10-263-KKC

IRENE WIDENER                                                                                    PLAINTIFF

v.                              **MEMORANDUM OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                                    DEFENDANT

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court on cross motions for summary judgment filed by Plaintiff Irene Widener and Defendant Michael J. Astrue, Commissioner of Social Security. Rec. 11, 13. For the reasons set forth below, the Court will deny Plaintiff's motion and will grant Defendant's motion.

**I.     FACTS AND PROCEDURAL HISTORY**

At the time of the amended disability onset date of June 1, 2005, Plaintiff was a forty-nine year old female with the equivalent of a high school education. AR 13, 21. She alleges disability due to a combination of impairments–anxiety, panic attacks, depression, dizziness, high blood pressure, weakness, and problems with concentration and memory, among others. AR 61, 218-21.

On November 7, 2005, Plaintiff filed an application for disabled widow's benefits. AR 13. Her claim was denied initially and upon reconsideration. AR 13. Plaintiff then requested a hearing before an Administrative Law Judge. AR 13. The request was granted and Plaintiff appeared and testified at a hearing held on May 23, 2007. AR 13, 216-39.

On July 18, 2007, Administrative Law Judge James Alderisio determined that Plaintiff was not disabled as defined by the Social Security Act. AR 13-23. Plaintiff filed a request for review by the Social Security Administration's Appeals Council, but the request was denied. AR 4-7. Consequently, the ALJ's decision became the final decision of the Commissioner. Since Plaintiff has exhausted all

of her administrative remedies, her claims are ripe for review by this Court.

## II. DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 F. App'x 503, 506 (6th Cir. 2005).

### B. Overview of the Process

Under the Social Security Act, disability is "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability

determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by her impairment and that she is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show that she is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that she suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that her impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimant's impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the claimant's RFC, he must determine whether the claimant has the RFC to perform the requirements of her past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given her RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

## C. The ALJ's Decision

At step one of the sequential evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 1, 2005, the amended disability onset date. AR 15. At step two, the ALJ found that Plaintiff had the following severe impairments: hypertension (controlled on medication) and complaints of anxiety and depression. AR 16. However, at step three, the ALJ found that these impairments did not meet or medically equal one of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 18.

Prior to step four, the ALJ determined that Plaintiff has the RFC "to perform medium work except work requiring exposure to hazardous machinery. The claimant is able to perform simple one to two step low task jobs. She has a seriously limited but not precluded ability to deal with work stressses." AR 19. At step four, the ALJ found that Plaintiff had no past relevant work. AR 21. Finally, at step five, the ALJ determined that based on Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 21. Accordingly, the ALJ found that Plaintiff was not disabled under the applicable sections of the Social Security Act. AR 23.

## D. Analysis

Plaintiff seems to advance two arguments on appeal. First, Plaintiff argues that the ALJ erred in determining her physical RFC because the ALJ relied on the opinion of a state agency medical consultant who merely adopted the opinion of a single decision maker. Second, Plaintiff contends that the Commissioner did not sustain his burden at step five of the sequential evaluation process because the hypothetical posed to the vocational expert did not accurately reflect Plaintiff's mental restrictions. The Court will consider each of these arguments in turn.

1. **Plaintiff's Physical RFC**

Plaintiff claims that the ALJ erred in determining her physical RFC because the ALJ improperly relied on the opinion of Dr. Amanda Lange, a state agency medical consultant, who merely adopted the findings of Mr. Jason Earnest, a single decision maker who has no medical credentials. While the ALJ did consider Dr. Lange's opinion in rendering his decision, Plaintiff's argument lacks merit because Dr. Lange provided an independent medical analysis and did not simply adopt Mr. Earnest's findings.

Federal courts have acknowledged that a single decision maker's assessment is not opinion evidence and is entitled to no weight. *See Northern v. Astrue*, 2011 WL 720763, *4 (E.D. Ky. 2011). However, it is well-settled that a state agency medical consultant's opinion may constitute substantial evidence in support of an ALJ's RFC determination. *See Mitchell v. Comm'r of Soc. Sec.*, 330 F. App'x 563, 568 (6th Cir. 2009).

In this case, Mr. Earnest reviewed the record and found that Plaintiff had no restrictions on her ability to work. AR 120. After Plaintiff filed a request for reconsideration, Dr. Lange reviewed the record and determined that Plaintiff had no severe physical impairments. AR 162. Although Plaintiff argues that Dr. Lange merely adopted the findings of Mr. Earnest, she cites no evidence to support this assertion. In fact, Dr. Lange provided her own summary of the evidence, including an analysis of the consultative examiner's opinion. AR 162. Based on her review, Dr. Lange found that there was no evidence of heart impairment symptoms, severe heart problems, head trauma, or neurological damage. AR 162. Since Dr. Lange rendered an independent medical opinion and did not simply adopt Mr. Earnest's findings, the Court rejects Plaintiff's argument as baseless.

It is worth noting that Plaintiff also claims that the ALJ's finding as to her "physical [RFC] is not supported by substantial evidence, and physical restrictions which were established by the evidence

were improperly omitted from the hypothetical which underpins the denial of this claim." Rec. 11. However, Plaintiff fails to support these claims or identify which physical restrictions the ALJ omitted from his hypothetical question to the vocational expert. Since the Court has no obligation to search the record to develop Plaintiff's perfunctory arguments, the Court rejects them as being without merit. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006); *Walker v. Astrue*, 2010 WL 1542528, *7 (E.D. Ky. 2010).

### 2. Hypothetical Question to the Vocational Expert

Plaintiff next argues that the Commissioner did not sustain his burden at step five of the sequential evaluation process because the hypothetical posed to the vocational expert did not accurately reflect Plaintiff's mental restrictions. Specifically, Plaintiff claims that the ALJ's hypothetical question improperly omitted the fact that she had moderate difficulties in maintaining concentration, persistence, or pace, as stated by state agency non-examining psychologists Ilze Sillers and Lea Perritt. Rec. 11 (citing AR 140, 154).

According to the Sixth Circuit, "[a] vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments." *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) (*Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)). However, the hypothetical question does not have to include limitations that the ALJ has found to be unsupported by the evidence. *See Infantado v. Astrue*, 263 F. App'x 469, 476-77 (6th Cir. 2008); *Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001).

In this case, although Dr. Sillers and Dr. Perritt opined that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace, the ALJ gave little weight to these opinions and

6

instead, found that Plaintiff had no more than mild limitations. AR 18, 21. The ALJ's finding was supported by substantial evidence. First, consultative examiner Dr. Judith Broadus specifically noted that Plaintiff "was able to understand, retain, and follow simple instructions," and was only "mildly impaired" in her ability to sustain attention and to perform simple repetitive tasks. AR 125. Second, Plaintiff completed the Bender Visual Gestalt Test with no errors, demonstrating adequate concentration and memory. AR 18, 124. Third, Dr. Sillers himself even indicated that Plaintiff could "[c]omplete a normal work week without excessive interruptions from psychologically based symptoms," and could "[u]nderstand, remember and carry out simple and non detailed tasks." AR 128.

In sum, the Court finds that the ALJ's decision to give little weight to the opinions of Dr. Sillers and Dr. Perritt regarding Plaintiff's ability to maintain concentration, persistence, and pace is supported by substantial evidence. Therefore, the ALJ's failure to incorporate these opinions into the hypothetical question to the vocational expert was not in error. *See Smith*, 307 F.3d at 378.

## III. CONCLUSION

For the reasons set forth above, the Court holds that the ALJ's decision denying the Plaintiff's claim for benefits is supported by substantial evidence. Accordingly, the Court **HEREBY ORDERS** as follows:

(1) Plaintiff's Motion for Summary Judgment (Rec. No. 11) is **DENIED**; and

(2) Defendant's Motion for Summary Judgment (Rec. No. 13) is **GRANTED**.

Dated this 25th day of July, 2011.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**